**UNITED STATES of America, Plaintiff–Appellee,**

v.

**David Charles MOUTOUX, Defendant–Appellant.**

**Crim. A. No. 3:87–00111.**

United States District Court, M.D. Tennessee, Nashville Division.

March 15, 1989.

Frank Childress, William Cohen, Office of U.S. Atty., Nashville, Tenn., for plaintiff-appellee.

Henry Haile, Nashville, Tenn., for defendant-appellant.

## DIRECTION

NEESE, Senior District Judge.

The government-appellee seeks permission of this Court to "refer to in its appellate brief a letter signed by the defendant[-appellant] and attached to the defendant's presentence report" herein. No authority is cited for this Court's power so to do.

When something material to either party to an appeal is omitted from the record by error or accident or misstated therein, a district court may direct that the omission or misstatement be corrected even after the record is transmitted to the proper court of appeals, Rule 10(e), F.R.App.P.; but, all other questions as to the content of the record "shall be presented to the court of appeals." *Id.*

Ordinarily, presentence reports are not included in the record on appeal, but are returned to the probation officer implicated "immediately following the imposition of sentence or the granting of probation, unless the court, in its discretion otherwise directs." Rule 32(c)(3)(E), F.R.Crim.P. There are, however, some circumstances in which the presentence report and any exhibit(s) thereto must be a part of the record on appeal. *Cf. United States v. Graves,* 720 F.2d 821, 824[2] (5th Cir.1983).

Our Court of Appeals, of course, has the same authority as does this District Court to correct errors of omission or misstatement under Rule 10(e), *supra.* So that such matter may be before our Court of Appeals in the event of any action it may take in this connection, it hereby is

DIRECTED that the probation officer implicated in the presentence report made on the defendant-appellant deliver a copy thereof *under seal* to the United States attorney for this District, and that such attorney for the government seek a perti-

nent supplementation of the record by stipulation of respective counsel or otherwise as provided by Rule 10(e), *supra,* or otherwise.