UNITED STATES of America, Plaintiff-Appellee,

v.

Lairy GRAVES, Obray Lee Greer and Joe Seaborn Alford, Defendants-Appellants.

Nos. 83–2131—83–2133.

United States Court of Appeals, Fifth Circuit.

Nov. 21, 1983.

4. *See supra* note 2.

Dale Long, Tyler, Tex., for defendants-appellants in Nos. 83–2131 and 83–2132.

Harry Loftis, Tyler, Tex., for defendant-appellant in No. 83–2133.

Christian Harrison, James H. DeAtley, Asst. U.S. Attys., Tyler, Tex., for plaintiff-appellee.

Before BROWN, THORNBERRY and TATE, Circuit Judges.

TATE, Circuit Judge:

The defendants Graves, Greer, and Alford were each convicted of misprision of felony (concealment of commission of a felony) 18 U.S.C. § 4,[1] after entering pleas of guilty before the district court. The appeals of the three defendants, raising identical issues, were consolidated for hearing. The three defendants each contend, inter alia, that their conviction must be set aside because the record of their plea hearing does not evidence a sufficient factual basis to support a plea of guilty to the crime charged. Fed.R.Crim.P. 11(f); *United States v. Dayton,* 604 F.2d 931, 938 (5th Cir.1979) (en banc). Finding this contention to be well-founded, we vacate and remand.[2]

I.

As a result of plea bargains, the three defendants were separately charged by informations with misprision of a felony. 18 U.S.C. § 4. At the time of the offense charged, the defendants were County Commissioners in Shelby County, Texas and, as such, were responsible for ordering and purchasing heavy machinery and equipment for county use.

The charge under each information was that the defendant had knowledge of the commission of a felony by a salesman for an equipment company, in that the salesman while acting in association with an enterprise (the equipment company) engaged in interstate commerce "unlawfully and knowingly did conduct and participate in the conduct of such enterprise through a pat-

1. The crime of misprision of a felony offense is established by 18 U.S.C. § 4, which reads:
   Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined not more than $500 or imprisoned not more than three years, or both.

2. They additionally contend that a conviction for misprision based on the conduct alleged would have required that they report their own criminal conduct, in violation of the Fifth

Amendment's proscription against self-incrimination. Mere failure to report a felony is not sufficient to constitute misprision; there must be an affirmative step to conceal the felony. *United States v. Johnson,* 546 F.2d 1225, 1227 (5th Cir.1977). *See also United States v. Davila,* 698 F.2d 715, 717, 720 (5th Cir.1983). As in *Johnson,* where (under similar circumstances and in the context of similar issues) the plea of guilty was likewise set aside for the failure to establish a factual basis for the plea, we do not reach the merits of this issue, which may not arise on the disposition of the case on remand. 546 F.2d at 1227.

tern of racketeering, being two or more acts of bribery" in violation of Texas state law. The concealed felony thus charged was the enterprise's engagement in at least two acts of "racketeering activity" (bribe offers) in violation of 18 U.S.C. §§ 1961–63 ("Racketeer Influenced and Corrupt Organizations"). In each instance, the information also alleged one act of concealment, namely the approval of or an order for equipment from the enterprise in a stated month.[3]

Graves, Greer, and Alford each appeared in district court and entered a plea of guilty to a separate act of misprision. The district court examined each defendant to determine that his plea was knowingly and voluntarily made, and questioned each defendant about his experiences with the equipment companies to establish a factual basis for the plea. *See* Fed.R.Crim.P. 11. The district court then accepted each of the defendants' pleas.

### II.

Each defendant now challenges his conviction on the ground that, although the Rule 11 examination by the district court discloses that the guilty pleas were voluntarily made, the court's examination did not establish that there was "factual basis for the plea," as required by Rule 11(f). The requirement that the district court develop a factual basis for the plea on the record protect[s] a defendant who is in the position of pleading voluntarily with an

understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.

*McCarthy v. United States,* 394 U.S. 459, 467, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1969).

With regard to the factual basis required to establish conviction of misprision, we stated in *United States v. Davila,* 698 F.2d 715, 717 (5th Cir.1983) (citations omitted)

> In order to sustain a conviction for misprision of a felony, the government must prove that a felony was committed, that [the accused] had knowledge of the felony, that he failed to notify authorities, and that he took an affirmative step to conceal the crime. . . . [M]ere failure to report a felony is not sufficient. Violation of the misprision statute additionally requires some positive act designed to conceal from authorities the fact that a felony has been committed.

Under the charge presented by the information and on the basis of the government's argument (accepted for present purposes, but see note 2, *supra*), the factual basis of the misprison in this instance would be an accused's knowledge and concealment of at least two acts of bribery committed in furtherance of the conduct of the enterprise.

### III.

■ The record of the Rule 11 hearing does not support the conclusion that each defendant knew of more than one act of

---

**3.** The information charging the defendant Greer is representative of the other two informations:

> That on or about July, 1981, in the vicinity of Shelby County, Texas, in the Eastern District of Texas, OBRAY LEE GREER, defendant herein, had knowledge of the actual commission by John Hobbs of a felony cognizable by a Court of the United States, Title 18, United States Code, Section 1961–63 (Racketeering), in that, on or about July 1981, in the Eastern District of Texas, acting in association with the Holman-Bennett-Phillips Equipment Company of Tyler, Texas, an enterprise engaged in activities which affected interstate commerce, unlawfully and knowingly did conduct and participate in the conduct of such enterprise through a pattern of racket-

eering being two or more acts of bribery, in violation of Texas Penal Code, Section 36.02; and OBRAY LEE GREER, defendant herein, did willfully conceal the same and did not as soon as possible make known the commission of said felony to any judge or other person in civil or military authority under the United States and did take affirmative steps to conceal the crime, to wit:

> 1. On or about July of 1981, OBRAY LEE GREER, defendant herein, Shelby County, Texas, in the Eastern District of Texas, acting as County Commissioner in Shelby County, did approve for payment by Shelby County an invoice submitted by the Holman-Bennett-Phillips Equipment Co., all in violation of Title 18, United States Code, Section 4.

bribery. At the factual stage of the hearing, the defendant Alford related a single incident to the court in which he received a $1,500 kickback on a piece of equipment purchased for the county known as a "boom-ax." Graves testified at his hearing that he was offered a $1,000 payment if a particular equipment company was awarded the bid on a piece of equipment known as a "maintainer" for Shelby County. Similarly, the defendant Greer admitted at his hearing that he had accepted a $500 payment on a "brush cutter" ordered for the county.

If the offense charged were bribery, the factual basis for guilt is clearly established. However, although each of the indictments (see, e.g., note 3) were read to the defendants, the colloquy does not establish any explanation or understanding of the rather complex RICO-misprision federal offense to which the defendants were pleading guilty, nor that as charged the elements required knowledge of two bribery offers or bribes by the enterprise and an affirmative step to conceal each of the crimes from law enforcement authorities.

None of the three defendants admitted at his plea hearing to any knowledge or concealment of the single bribery incidents described by each of the other two defendants. The defendant Alford did state in his Rule 11 hearing that an equipment salesman "told us that he would give us some [money]", but he also stated that the salesman "told me that that would be his money." Even if we are to assume that the defendant admitted that more than one person was present when the bribe was offered by using the word "us", the record nowhere reflects who those persons were or whether they were indeed part of the kickback scheme.

The transcript of the pleas of guilty, thus, fails on its face to show, as required, the accuseds' "understanding of the accusation," one of the three core concerns of Rule 11. United States v. Dayton, supra, 604 F.2d at 939. Nor does the factual basis established by the transcript negative that the voluntary plea of each accused may have been entered "without [his] realizing that his conduct does not actually fall within the charge." McCarthy v. United States, supra, 394 U.S. at 467, 89 S.Ct. at 1171. The factual bases developed at the Rule 11 hearings of each accused did not establish that any of them knew of a "pattern of racketeering being two or more acts of bribery", as required by the separate informations charging each of them with misprision.

The government does not seriously dispute this conclusion. As stated in its brief: "If the appellate court considers only the exchange between the appellants' and the court at the time of the plea, there is not a development of facts as to the misprision offense." See government brief on appeal, p. 14. The government instead argues that we should look at the total circumstances of the guilty pleas along with the three presentence reports (which are not in the record) in order to determine whether a factual basis did exist for the present individual pleas of guilty to misprision.

In that regard, after the defendants filed their briefs on appeal to this court questioning the factual bases established by the transcript, the government filed a motion before the district court requesting that it "settle the record" by stating whether it had also considered the defendants' presentence reports in finding a factual basis for each plea. The district court rejected the request and held that the government was seeking an "augmentation and buttressment" of the record rather than a mere "settlement".

When a presentence report is relied upon as a source of the factual basis to establish the crime, this circumstance must appear on the record, and, where necessary to establish the factual basis, the presentence report must be part of the record on appeal. Sassoon v. United States, 561 F.2d 1154, 1159 (5th Cir.1977) (vacating a plea for lack of an established factual basis). "[T]he factual basis, whatever its source, must appear clearly on the record." Id. Since the record here evidences that each defendant knew of only a single instance of

bribery, it is insufficient to support a plea of guilty to misprision of a pattern of two or more racketeering activities (bribes). Therefore, the defendants must be permitted to plead anew. *Sassoon, supra,* 561 F.2d at 1160.

*Conclusion*

Since we find that the defendants' pleas of guilty were not supported by an adequate factual basis developed on the record, we VACATE their convictions and REMAND for further proceedings.

VACATED and REMANDED.