**UNITED STATES COURT OF APPEALS**
**Filed 8/23/96**
**FOR THE TENTH CIRCUIT**

———

UNITED STATES OF AMERICA,      )
                                     )
    Respondent-Appellee,     )
                                     )
v.                                 )        No. 96-3149
                                 )   (D.C. No. 96-3083-FGT)
ANTONIO RAYFORD, aka Tom Tom,   )    (Dist. of Kan.)
                                 )
    Petitioner-Appellant.    )

———

**ORDER AND JUDGMENT**[*]

———

Before **ANDERSON, BARRETT, and MURPHY,** Circuit Judges.

———

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Antonio M. Rayford (Rayford), appearing pro se and having been granted leave to proceed in forma pauperis, appeals from the district court's order of April 5, 1996, denying his Motion to Vacate, Set Aside, or Correct sentenced filed pursuant 18 U.S.C. § 2255.

On June 2, 1994, Rayford was indicted in an eleven count

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3.

indictment by a grand jury in Wichita, Kansas. On May 5, 1995, Rayford pled guilty to Count 7, using or carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). He was sentenced to sixty months imprisonment followed by three years of supervised release.

On February 14, 1996, Rayford filed this motion to vacate, set aside, or correct sentence pursuant to 18 U.S.C. § 2255 based on the Supreme Court's decision in <u>Bailey v. United States</u>, ___ U.S. ___, 116 S.Ct. 501 (1995). The district court denied Rayford's motion on the grounds that the factual basis for his guilty plea established that he negotiated a trade involving 7.5 grams of crack cocaine for two 9mm semi-automatic handguns and bartering a firearm constitutes "use" under § 924(c)(1).

On appeal, Rayford argues that the district court erred in denying his § 2255 motion because he did not "carry" a firearm within the meaning of § 924(c)(1). Rayford contends that since he was arrested before he took possession of the handguns and the handguns remained in the possession of the undercover police officer, the handguns were not available for his immediate use nor were they on his person; therefore, he did not "carry" them under § 924(c)(1).

In <u>United States v. Barnhardt</u>, 1996 WL _____, at *__ (10th Cir. 1996), we held that a defendant did not waive his right to challenge his conviction under § 2255 by pleading guilty and that

- 2 -

<u>Bailey</u> applied retroactively to cases on collateral review.  In so doing, we recognized that "[w]hen a defendant pleads guilty, it is necessary only that the court 'mak[e] such inquiry as shall satisfy it that there is a factual basis for the plea.'"  <u>Id</u>. at *___ (quoting Fed. R. Crim. P. 11(f)).  Accordingly, the determination of Rayford's motion, like Barnhardt's, depends on whether there is an adequate factual basis for his guilty plea.

"The acceptance of a guilty plea is deemed a factual finding that there is an adequate factual basis for the plea."  <u>United States v. Blair</u>, 54 F.3d 639, 643 (10th Cir.) (quoting <u>United States v. Adams</u>, 961 F.2d 505, 509 (5th Cir. 1992)), <u>cert</u>. <u>denied</u>, ___ U.S. ___ (1995).  Therefore, our review is under the clearly erroneous standard, <u>Blair</u>, 54 F.3d at 643, and a finding of fact is not clearly erroneous unless it is without factual support in the record or, after reviewing all the evidence, we are left with a definite and firm conviction that a mistake has been made.  <u>Exxon Corp. v. Gann</u>, 21 F.3d 1002, 1005 (10th Cir. 1994).

The district court found that the factual basis for Rayford's guilty plea to Count 7 was as follows:

> Undercover police officers became aware of the distribution of crack cocaine from the defendant's residence.  The officers made several cocaine purchases from the defendant's residence.  An undercover officer became involved in negotiations with the defendant to trade handguns for crack cocaine. On February 18, 1994, the undercover officers met with the defendant and negotiated to trade two 9mm semi-automatic handguns for 7.5 grams of crack cocaine.  The defendant had 7.5 grams of crack cocaine to trade, and was arrested when he went

to the undercover police vehicle to complete the transaction and obtain the guns. The defendant subsequently admitted attempting to obtain firearms by trading crack cocaine for them.

(ROA, Vol. I, Tab 126 at 2).

In <u>Bailey</u>, the Supreme Court held that "§ 924(c)(1) requires evidence sufficient to show an *active employment* of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicated offense." ___ U.S. at ___, 116 S.Ct. at 505 (emphasis original). "The active-employment understanding of "use" certainly includes brandishing, displaying, <u>bartering</u>, striking with, and most obviously, firing or attempting to fire, a firearm." <u>Bailey</u>, ___ U.S. at ___, 116 S.Ct. at 508 (emphasis added). <u>See</u> <u>United States v. Miller</u>, 84 F.3d 1244, 1256 (10th Cir. 1996) (evidence that the defendant bartered a firearm will support a jury verdict that the defendant 'used' a firearm).

In this case, contrary to Rayford's assertions, we are not concerned with the "carry" prong of § 924(c)(1). The district court found that Rayford negotiated the "trade" of handguns for crack cocaine and Rayford admitted that he negotiated "to trade handguns for crack cocaine." (Appellant's Opening Brief at 3). Since <u>Bailey</u> specifically listed barter as an example of "use" of a firearm under § 924(c)(1), we hold that the district court did not err in denying Rayford's § 2255 motion. <u>See</u> <u>Bailey</u>, ___ U.S. at ___, 116 S.Ct. at 508; <u>Miller</u>, 84 F.3d at 1256.

We affirm substantially for the reasons set forth in the

- 4 -

district court's Memorandum and Order of April 5, 1996.

**AFFIRMED.**

Entered for the Court:


James E. Barrett,
Senior United States
Circuit Judge