IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20686
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RAYMOND PALOMO TREVINO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(95-CR-20603)
_____

November 29, 1996

Before KING, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Raymond Palomo Trevino appeals his conviction and sentence under 18 U.S.C § 924(c)(1) for aiding and abetting the use of a firearm during and in relation to a drug-trafficking crime. He argues that, in light of the Supreme Court decision in <u>Bailey v. United States</u>, 116 S. Ct. 501 (1995), the district court's acceptance of his guilty plea was reversible error because the

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

record contained an inadequate factual basis to support it.

Federal Rule of Criminal Procedure 11(f) provides that before entering judgment upon a guilty plea, the court should make "such inquiry as shall satisfy it that there is a factual basis for the plea."  The court may discharge this duty through an inquiry of the defendant or an examination of relevant materials in the record.  United States v. Adams, 961 F.2d 505, 508 (5th Cir. 1992).  The record must reveal specific factual allegations supporting each element of the offense.  Id.

Trevino contends that the record contains no facts to establish that he "used" a firearm in relation to the drug offense as that term is defined in Bailey.  We disagree.  Although not referred to during the plea hearing, the pretrial detention order expressly finds that one of Trevino's coconspirators pointed a gun at police officers while endeavoring to flee from the scene of an attempted drug theft.  This conduct falls squarely within the Bailey definition of "use."[1]  Under Pinkerton v. United States, 328 U.S. 640 (1946), Trevino can be held responsible for his coconspirator's use of a firearm in furtherance of the conspiracy.  See United States v. Fike, 82 F.3d 1315, 1328 (5th Cir. 1996), cert. denied, 65 U.S.L.W 3264

---

[1]  In Bailey, the Supreme Court held that under § 924(c)(1), the term "use" means "active employment," including "brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm."  116 S. Ct. at 508.  The Court noted that "even an offender's reference to a firearm in his possession could satisfy § 924(c)(1)."  Id.

2

(Oct. 7, 1996) (No. 96-5403).

Accordingly, we hold that even if the district court failed to comply with Rule 11(f) by not establishing an adequate factual basis at the plea hearing, such failure was harmless error because the record as a whole establishes a sufficient factual basis to satisfy each element of the offense. See Adams, 961 F.2d at 512-13.

AFFIRMED.