**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 96-20549
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE MARIA ALCANTAR, also known as
Joe Diamond, also known as Diamond Joe,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CR-H-94-288-2
- - - - - - - - - -
January 16, 1998

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

Jose Maria Alcantar appeals his conviction and sentence under 18 U.S.C § 924(c)(1) for aiding and abetting the use of a firearm during and in relation to a drug-trafficking crime. He argues that, in light of the Supreme Court decision in <u>Bailey v. United States</u>, 116 S. Ct. 501 (1995), the district court's acceptance of his guilty plea was reversible error because the record contained an inadequate factual basis to support it.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Federal Rule of Criminal Procedure 11(f) provides that before entering judgment upon a guilty plea, the court should make "such inquiry as shall satisfy it that there is a factual basis for the plea." The court may discharge this duty through an inquiry of the defendant or an examination of relevant materials in the record. United States v. Adams, 961 F.2d 505, 508 (5th Cir. 1992). The record must reveal specific factual allegations supporting each element of the offense. Id.

Alcantar contends that the record contains no facts to establish that he "used" a firearm in relation to the drug offense as that term is defined in Bailey. We disagree. The record demonstrates that one of Alcantar's coconspirators pointed a gun at police officers while endeavoring to flee from the scene of an attempted drug theft. This conduct falls squarely within the Bailey definition of "use."[1] Under Pinkerton v. United States, 328 U.S. 640 (1946), Alcantar can be held responsible for his coconspirator's use of a firearm in furtherance of the conspiracy. See United States v. Thompson, 122 F.3d 304, 307 (5th Cir. 1997); United States v. Gonzales, 121 F.3d 928, 937-38 (5th Cir. 1997).

Accordingly, we hold that even if the district court failed to comply with Rule 11(f) by not establishing an adequate factual basis at the plea hearing, such failure was harmless error because the record as a whole establishes a sufficient factual basis to satisfy each element of the offense. See Adams, 961 F.2d at 512-13.

Alcantar also contends that the Government breached the plea agreement by refusing to file a motion, pursuant to U.S.S.G. § 5K1.1, for a downward departure based on Alcantar's substantial assistance. A review of the specific language of the plea agreement demonstrates that the Government did not bargain away its discretion to file a § 5K1.1 motion. See United States v. Price,

---

[1] In Bailey, the Supreme Court held that under § 924(c)(1), the term "use" means "active employment," including "brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm." 116 S. Ct. at 508. The Court noted that "even an offender's reference to a firearm in his possession could satisfy § 924(c)(1)." Id.

95 F.3d 364, 368 (5th Cir. 1996) (Section 5K1.1 does not require, but rather, grants the government discretionary power to make such a motion.). The district court properly refused to review the prosecutor's decision not to file a § 5K1.1 motion because Alcantar concedes that the refusal was not based on an unconstitutional motive. See Wade v. United States, 504 U.S. 181, 185-86 (1992).

Finally, Alcantar contests the district court's increase of his offense level for obstruction of justice, pursuant to U.S.S.G. § 3C1.1. Section 3C1.1 requires a two-level enhancement "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice" during sentencing of the offense. Unlawfully influencing a co-defendant is an example of the type of conduct to which the increase should be applied. See § 3C1.1, comment. (n.3(a)). The record indicates that Alcantar attempted to influence his codefendant's version of the facts and that he offered to report untruthfully to the Government in return. The district court's finding that Alcantar obstructed justice is not clearly erroneous. See United States v. Storm, 36 F.3d 1289, 1295 (5th Cir. 1994) (We review for clear error a district court's finding that a defendant has obstructed justice under § 3C1.1).

AFFIRMED.