IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20123
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BILLY PAUL HOWELL, also known as William Paul Harris,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-90-CR-272-1
--------------------

September 30, 1999

Before DAVIS, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

The district court permitted Billy Paul Howell to file this out-of-time appeal from his 1991 guilty-plea conviction for bank robbery (in violation of 18 U.S.C. § 2113(a)) and use of a dangerous weapon during the commission of a crime of violence (in violation of 18 U.S.C. § 924(c)(1)).  Howell argues that there was not an adequate factual basis under FED. R. CRIM. P. 11(f) to support his guilty plea to bank robbery because the Government failed to present facts to show that the bank he robbed was

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

federally insured.  See United States v. Guerrero, 169 F.3d 933, 944 (5th Cir. 1999) (proof that institution meets definition of 'bank' at time of robbery is essential element of offense).  Even if the Government failed at Howell's guilty-plea proceeding to present facts to support the indictment's allegation that Texas Commerce Bank was federally insured, the factual basis for Howell's plea came from other sources, including the indictment and testimony at Howell's detention hearing, as well as an acknowledgment by Howell's attorney in a "Motion to Sever" that the Government's evidence indicated the banks in question were federally insured.  See, e.g., United States v. Ammirato, 670 F.2d 552, 555 & n.3 (5th Cir. 1982) (factual basis for guilty plea may "come from several sources," and court may note that attorney recognizes factual basis for element of offense); United States v. Adams, 961 F.2d 505, 509 (5th Cir. 1992) (indictment may be sole source for guilty plea's factual basis).  Accordingly, Howell's conviction and sentence are AFFIRMED.