UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                          No. 01-4256

ARMANDO MALDONADO-BERNAVE,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-00-356)

Submitted: November 21, 2001

Decided: December 26, 2001

Before WILKINS, MICHAEL, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Brian M. Aus, Durham, North Carolina, for Appellant. Benjamin H. White, Jr., United States Attorney, Steven H. Levin, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Armando Maldonado-Bernave pled guilty to conspiracy to distribute more than 500 kilograms of marijuana and possession with intent to distribute marijuana. He was sentenced to thirty-five months imprisonment. Maldonado-Bernave's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel states that there are no meritorious grounds for appeal, but raises issues regarding the factual basis supporting the guilty plea and the court's failure to sentence Maldonado-Bernave to the minimum sentence in the guideline range. Maldonado-Bernave was informed of his right to file a supplemental brief, but he has not done so.

Federal Rule of Criminal Procedure 11(f) requires the district court to ensure that there is a factual basis for a defendant's guilty plea prior to entering a judgment of conviction. We have previously stated that this rule requires that the district court "be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense." *United States v. Mitchell*, 104 F.3d 649, 652 (4th Cir. 1997). Although we generally review the adequacy of a guilty plea de novo, Rule 11 violations are reviewed for harmless error. *United States v. Goins*, 51 F.3d 400, 402 (4th Cir. 1995); *see also* Fed. R. Crim. P. 11(h). In determining whether an error was harmless, we may consider not only the evidence before the district court at the time the judgment of conviction was entered, but also any evidence subsequently entered into the record, for example, during sentencing. *United States v. Adams*, 961 F.2d 505, 512 (5th Cir. 1992).

In this case, the district court outlined the elements of both charges and asked Maldonado-Bernave if he was guilty of these crimes. By responding, "yes," Maldonado-Bernave acknowledged that he conspired to distribute marijuana and possessed marijuana with the intent to distribute. Further, the prosecutor outlined the evidence in the case, which showed that Maldonado-Bernave and his co-conspirators were found at a business location at approximately six o'clock in the morning loading approximately 700 kilograms of marijuana into various vehicles. Maldonado-Bernave agreed that the Government would be

able to prove the facts as presented. Finally, at sentencing, Maldonado-Bernave again admitted his participation in the conspiracy and requested forgiveness. In light of this evidence, we find that the Government presented a sufficient factual basis and that, even if there was an error in this regard, it was harmless.

Maldonado-Bernave's sentencing guideline range was 30-37 months. The district court imposed a sentence of 35 months. Maldonado-Bernave contends that he should have been sentenced to 30 months, the minimum under the applicable guideline range, but he does not challenge the actual calculation of the range. The district court's discretionary decision to impose sentence at any point within a correctly calculated guideline range is not reviewable. *United States v. Jones*, 18 F.3d 1145, 1151 (4th Cir. 1994).

In accordance with the requirements of *Anders*, we have examined the entire record in this case, and we find no meritorious issues for appeal. Accordingly, we affirm Maldonado-Bernave's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*