United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 8, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-10274
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NATHAN DESHAWN HENDERSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CR-260-1-Y
--------------------

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Nathan Deshawn Henderson pleaded guilty to conspiracy to distribute marijuana in violation of 18 U.S.C. §§ 841(b)(1)(B) and 846 and to possession of firearms in furtherance of a drug-trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A). Henderson appeals only his conviction under 18 U.S.C. § 924(c)(1)(A).

Henderson argues that the factual basis for his guilty plea was inadequate as a matter of law because the factual resume did

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not establish that he possessed firearms "in furtherance of" a drug-trafficking offense for purposes of 18 U.S.C. § 924(c)(1)(A). Because Henderson did not object to the factual basis for his plea in the district court, this court reviews the district court's acceptance of his guilty plea for plain error. See United States v. Angeles-Mascote, 206 F.3d 529, 530 (5th Cir. 2000). In determining whether the district court's acceptance of Henderson's guilty plea was plain error, this court reviews the record as a whole. See United States v. Vonn, 535 U.S. 55, 59 (2002); United States v. Adams, 961 F.2d 505, 512-13 (5th Cir. 1992).

The factual resume stated that Henderson possessed at his residence two firearms, one BFI .223 caliber semi-automatic assault rifle and one .45 caliber UZI pistol, along with nine pounds of marijuana. The record as a whole shows that Henderson conspired to distribute marijuana using his home and automobiles. Henderson's drug dealings sometimes involved murder, theft, and carjacking. A loaded and easily accessible semi-automatic rifle was found at his residence where a substantial amount of drugs and cash were also found. A loaded and easily accessible UZI pistol was found in a Lincoln Navigator that was parked in the driveway of Henderson's residence. These facts, taken from the record as a whole, show that Henderson possessed the two firearms in furtherance of his conspiracy to distribute marijuana in

violation of 18 U.S.C. § 924(c)(1)(A).  See United States v. Ceballos-Torres, 218 F.3d 409, 412-15 (5th Cir. 2000).

Inasmuch as the record contains sufficient facts to support the basis for Henderson's guilty plea, Henderson fails to meet his burden of showing that the district court committed plain error when it accepted his guilty plea.  See Vonn, 535 U.S. at 59; Adams, 961 F.2d at 512-13.

AFFIRMED.