United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 22, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

**No. 05-50620
Summary Calendar**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**ABDON OLVERA, Jr., also known as Abdon Olvera,**

**Defendant-Appellant.**

**Appeal from the United States District Court
for the Western District of Texas
(6:04-CR-217-ALL)**

Before BARKSDALE, STEWART, and CLEMENT, Circuit judges.

PER CURIAM:[*]

Abdon Olvera, Jr., pleaded guilty to possession of methamphetamine with intent to distribute, in violation of 18 U.S.C. §§ 841(b)(1)(B), and to possession of firearms in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). Olvera appeals only the latter conviction.

Olvera claims the factual basis for his guilty plea was inadequate as a matter of law because the factual resume did not establish that he possessed firearms "in furtherance of" a drug-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

trafficking offense for purposes of 18 U.S.C. § 924(c)(1)(A). Because Olvera did *not* object to the factual basis for his plea in the district court, this court reviews only for plain error, *see United States v. Angeles-Mascote*, 206 F.3d 529, 530 (5th Cir. 2000), reviewing the record as a whole, *see United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Adams*, 961 F.2d 505, 512-13 (5th Cir. 1992).

The factual resume stated that Olvera possessed in his vehicle two firearms — one .223 caliber rifle and one Beretta 9mm pistol — along with methamphetamine weighing about 110 grams in the driver's side pocket. The record as a whole, including the Presentence Investigation Report, shows that the firearms were loaded and easily accessible to Olvera as the driver of his vehicle. These facts show that Olvera possessed at least one of the two firearms in furtherance of possession of methamphetamine with intent to distribute, in violation of 18 U.S.C. § 924(c)(1)(A). *See United States v. Ceballos-Torres*, 218 F.3d 409, 412-15 (5th Cir. 2000), *cert. denied*, 531 U.S. 1102 (2001). Consequently, Olvera fails to show plain error. *See Vonn*, 535 U.S. at 59; *Adams*, 961 F.2d at 512-13.

Olvera also claims the district court reversibly erred by not correctly advising him of the § 924(c)(1) count at his rearraignment, required by FED. R. CRIM. P. 11(b)(1)(G). This claim lacks merit because Olvera has failed to show that, but for the

2

Rule 11 error, he would not have pleaded guilty.  *See* **United States v. Dominiquez Benitez**, 542 U.S. 74, 83 (2004).

**AFFIRMED**