# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 28, 2008

Charles R. Fulbruge III
Clerk

No. 04-31152
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CHARLES STEWART

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CR-257-15

Before HIGGINBOTHAM, DAVIS, and GARZA, Circuit Judges.

PER CURIAM:[*]

Charles Stewart appeals his guilty plea conviction for conspiracy to possess with the intent to distribute controlled substances, possession with the intent to distribute crack cocaine, and use of a telephone in facilitating the possession offense. Pursuant to his plea agreement, Stewart was sentenced to 20 years of imprisonment, a sentence well below the sentencing range set forth in the advisory Sentencing Guidelines.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Stewart has filed a supplemental pro se brief in which he argues that the district court abused its discretion by failing to sua sponte order a competency hearing. He argues that "from indictment to sentencing, the district court was confronted with information and circumstances which seriously called into question [his] mental competency and ability to properly assist in his defense."

"By accepting the assistance of counsel the criminal appellant waives his right to present pro se briefs on direct appeal." United States v. Ogbonna, 184 F.3d 447, 449 n.1 (5th Cir. 1999) (internal quotation and citation omitted). Because Stewart is represented by counsel on appeal, this court's previous order granting Stewart leave to file a pro se supplemental brief is RESCINDED as improvidently granted, and the supplemental pro se brief is ORDERED stricken from the record. We note, however, that none of Stewart's allegations suggest the sort of impairment that would have rendered him mentally incompetent to the extent that he was unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. See United States v. Messervey, 317 F.3d 457, 463 (5th Cir. 2002).

Stewart also argues that the district court's denial of his motion to withdraw his guilty plea was an abuse of discretion. He argues that the district court's reasons for denying the motion are not supported by the record and that other considerations militated in favor of granting the motion.

In determining whether a district court has abused its discretion in denying withdrawal, this court traditionally considers seven relevant factors. United States v. Grant, 117 F.3d 778, 789 (5th Cir. 1997) (citing United States v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984)). Those factors are: (1) whether the defendant asserted his innocence; (2) whether withdrawal would prejudice the Government; (3) whether the defendant delayed in filing the motion to withdraw; (4) whether withdrawal would inconvenience the court; (5) whether adequate assistance of counsel was available; (6) whether the plea was knowing and voluntary; and (7) whether withdrawal would waste judicial resources. Id. No

single factor is determinative; instead, the court makes its determination based on the totality of the circumstances. United States v. Badger, 925 F.2d 101, 104 (5th Cir. 1991).

Stewart's assertion of innocence is not supported by the record, and his assertion of a flawed factual basis is without merit. See United Sates v. Ramirez-Velasquez, 322 F.3d 868, 880 (5th Cir. 2003) (evidence of an overt act is not required to prove a drug conspiracy); see also United States v. Adams, 961 F.2d 505, 511-12 (5th Cir. 1992) (any deficiencies in the factual basis are reviewed for harmless error). In addition, the record fully supports the district court's determination that withdrawal of the plea would prejudice the Government. As noted by the Government at the time Stewart filed his motion to withdraw, Stewart had 22 co-defendants, all of whom had either been sentenced or were awaiting sentencing. The district court's determination that the motion, filed 73 days after the entry of the plea, was not timely was not erroneous. See Carr, 740 F.2d at 345 (delay of 22 days weighed against withdrawal of the guilty plea).

With respect to whether Stewart had the assistance of counsel, Stewart's counsel acknowledges that a review of the record reveals that trial counsel's representation of Stewart was "quite competent and zealous." Counsel argues, however, that the district court erred in evaluating this factor because it did so based on counsel's "general skills as a lawyer" rather than Stewart's subjective belief that counsel was not performing adequately. Counsel cites no authority which supports his assertion that the assistance of counsel should be viewed subjectively in determining whether withdrawal of the guilty plea is warranted. Accordingly, we reject his argument. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984) (counsel's performance is viewed under an objective standard of reasonableness).

With respect to Stewart's assertion that his plea was not voluntary, Stewart declared under oath that he was generally satisfied with his counsel's

performance. He also declared that he understood the charges and the plea proceedings. In addition, the district court determined that the initial guilty plea was credible and that Stewart's attempt to withdraw the plea was an attempt to manipulate the proceedings. We do not disturb the district court's assessment of Stewart's credibility. See Carr, 740 F.2d at 345. The Government's motion to supplement the record is GRANTED. The judgment of the district court is AFFIRMED.