# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 25, 2009

Charles R. Fulbruge III
Clerk

No. 08-10782

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JACK EARL ROBINSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:08-CR-13-ALL

Before REAVLEY, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jack Earl Robinson appeals following his guilty-plea conviction for misprision of a felony, to wit: distribution of child pornography. We AFFIRM for the following reasons:

1. Robinson argues that the factual basis for his plea was insufficient to show that he concealed the underlying felony because there was no evidence that he knew at the time of purchase that his credit card payment for access to the child pornography website would be billed by a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

third party. *See United States v. Adams*, 961 F.2d 505, 508 (5th Cir. 1992) (holding that conviction for misprision requires *inter alia* showing that the defendant took an affirmative step to conceal the underlying felony). Because Robinson did not object in the district court to the sufficiency of the factual basis, we review for plain error. *See United States v. Castro-Trevino*, 464 F.3d 536, 541 (5th Cir. 2006). Robinson admitted that he knew the website was illegal and that he accessed it to view child pornography. The factual basis to which Robinson agreed further stated that "The website required subscribers to purchase a twenty-day membership for the fee of $79.99 using a credit card. The credit card processor for the Illegal.CP website charge was identified as 'ADSOFT'. Individuals that purchased subscriptions to the Illegal.CP website were then billed by ADSOFT." We see nothing clearly or obviously erroneous in reading this statement to mean that Robinson knew at the point of sale that he would not be billed directly by the illegal website. By agreeing to be billed by a third-party, which necessarily obscured the illicit nature of the transaction, Robinson gave the false impression that the transaction was innocuous and concealed the underlying felony of distribution of child pornography. The factual basis was therefore sufficient.

2. Robinson argues, without citation to supporting authority, that the sentencing scheme under U.S.S.G. §§ 2G2.2 and 2X4.1 is unconstitutional, unfair, and cruel and unusual punishment because the Guideline range is determined based on the conduct of the perpetrators of the underlying felony rather than on his own purportedly minimal conduct. Reviewing the district court's application of the Guidelines *de novo* and its factual findings for clear error, *see United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008), we are not persuaded. The Guidelines account for the lesser culpability of a defendant who commits misprision rather

than the substantive offense by requiring that the offense level be nine points lower than the offense level for the substantive offense and by capping the offense level at 19. *See* § 2X4.1(a). We find nothing improper about the Guidelines' treatment of the misprision offense.

3. Robinson further argues that the district court improperly assessed an enhancement for pecuniary gain because, unlike the operators of the website, *he* derived no pecuniary gain from his purchase of access to child pornography. Robinson is mistaken. The Guideline for misprision requires reference to the offense level of the underlying offense, including any specific offense characteristics that were known, or reasonably should have been known, by the defendant. *See* § 2X4.1(a) & cmt. n.1. The Guideline for distribution of child pornography provides an enhancement when the offense "involved" distribution for pecuniary gain. § 2G2.2(b)(3)(A). Robinson knew the distribution involved pecuniary gain because he paid the fee to gain access to the illegal material. There is no error.

4. Finally, Robinson argues that he improperly received enhancements for an offense involving between 150 and 300 images and for images depicting prepubescent minors. *See* § 2G2.2(b)(2) & (b)(7)(B). He contends there was no evidence of how many images, or their nature, that he actually viewed. The enhancements are more than adequately supported by information contained in the presentence report, however. Absent contrary evidence from Robinson, the district court was entitled to rely on this information when determining the offense level. *See United States v. Arviso-Mata*, 442 F.3d 382, 385 n.10 (5th Cir. 2006).

AFFIRMED.