NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0775n.06

No. 13-3945

**FILED**

Oct 10, 2014

DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| ROBERT BERRYHILL, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:     DAUGHTREY, McKEAGUE, and WHITE, Circuit Judges.

MARTHA CRAIG DAUGHTREY, Circuit Judge.   Defendant Robert Berryhill pleaded guilty to mail fraud, wire fraud, false personation of an officer or employee of the United States, and aggravated identity theft and was sentenced to 75 months in prison.  He now challenges that sentence on three grounds: (1) that in accepting his plea, the district court failed to establish a factual basis for the identity-theft charge, in violation of Federal Rule of Criminal Procedure 11(b)(3); (2) that his convictions for both false personation of an officer or employee of the United States and aggravated identity theft violated the Double Jeopardy Clause of the Fifth Amendment; and (3) that his sentence was substantively unreasonable.  We find no reversible error and affirm.

Berryhill's convictions arose out of a scheme he devised to defraud his employer, Carnegie Management and Development Corporation, which at the time of Berryhill's crimes had contracted through two of its subsidiaries to build two buildings for the FBI. Berryhill submitted false invoices to companies retained as sub-contractors on the two projects, who paid the false invoices and passed the cost onto Carnegie's subsidiaries. Berryhill was charged by information with five counts of mail fraud, in violation of 18 U.S.C. § 1341, two counts of wire fraud, in violation of 18 U.S.C. § 1343, one count of false personation of an officer or employee of the United States, in violation of 18 U.S.C. § 912, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A. The latter two counts were based on an incident in which Berryhill, pretending to be an FBI employee named "W.C.M.," demanded payment from one of the sub-contractors.

Berryhill pleaded guilty to all counts, reserving his right to appeal any sentence beyond the statutory maximum or outside the guideline range, and to appeal the district court's determination of his criminal history category. The district court sentenced Berryhill to 51 months in prison on each of the mail and wire fraud counts and 36 months on the personation count, all to run concurrently. In addition, as required by statute, the court also sentenced Berryhill to 24 months in prison on the identity-theft count, to run consecutively to the other counts, for an aggregate term of 75 months in prison. The sentence was within the range agreed to in the plea agreement and calculated by the Sentencing Guidelines. Berryhill now appeals, raising the three claims set out above.

### Rule 11 Non-Compliance

Berryhill first contends that the facts adduced during the plea hearing were insufficient to establish a factual basis for aggravated identity theft. "Before entering judgment on a guilty

plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). Because Berryhill did not object on this basis at the plea hearing, we review the district court's compliance with Rule 11 only for plain error. *United States v. Taylor*, 627 F.3d 1012, 1017 (6th Cir. 2010). Under that standard, the defendant must show that (1) an error occurred in the district court, (2) the error was plain, (3) the error affected the defendant's substantial rights, and (4) the error seriously affected the fairness, integrity, or public reputation of the proceedings. *See United States v. Thomas*, 11 F.3d 620, 629-30 (6th Cir. 1993). Because the district court complied with Rule 11 in this case, plain error has not been shown.

A person is guilty of aggravated identity theft if he "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person" during and in relation to certain enumerated felonies.[1] 18 U.S.C. § 1028A(a)(1). Berryhill argues that the plea hearing did not establish that "W.C.M." was the identity of another person or that Berryhill knew it was the identity of another.

This claim is belied by the record. At the plea hearing, Berryhill acknowledged that he engaged in the conduct described in the information and that the government could prove that (1) he sent an email on July 28, 2008, as part of his scheme to defraud, in which he "falsely assume[d] and pretend[ed] to be an employee acting under the authority of the United States, an

---

[1] The term "means of identification" is defined as "any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any–

> **(A)** name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number;
> **(B)** unique biometric data, such as fingerprint, voice print, retina or iris image, or other unique physical representation;
> **(C)** unique electronic identification number, address, or routing code; or
> **(D)** telecommunication identifying information or access device (as defined in section 1029(e)).

18 U.S.C. § 1028(d)(7).

individual known as 'W.C.M.' employed by the FBI"; and (2) that he knew that the name "W.C.M. . . . belonged to another person." Although the plea colloquy could have described the act of identity theft in more specific terms, Berryhill's admission, coupled with the terms of the information, was sufficient to establish for the purposes of Rule 11 that W.C.M. was a person and that Berryhill knew as much. *See Taylor*, 627 F.3d at 1018 (finding a sufficient factual basis where the defendant's "crimes were easily understood and not complex[, the] indictment was detailed and specific, and [the defendant's] response was unequivocal."). We conclude that the district court fully complied with Rule 11.

### Double Jeopardy Claim

Berryhill next contends that convicting him of both aggravated identity theft and false personation of an officer or employee of the United States violated his rights under the Double Jeopardy Clause of the Fifth Amendment. Because Berryhill also failed to raise this issue below, we likewise review it for plain error. *See United States v. Branham*, 97 F.3d 835, 841-42 (6th Cir. 1996). Under that standard and in the circumstances of this case, to establish plain error Berryhill must show that an error occurred in the district court, that the error was plain, that it affected the defendant's substantial rights, and that it seriously affected the fairness, integrity, or public reputation of the proceedings. *See Thomas*, 11 F.3d 620, 629-30 (6th Cir. 1993). Here, the claim fails on the first prong of the standard.

The Double Jeopardy Clause "prohibits multiple punishments for the same offense." *United States v. DeCarlo*, 434 F.3d 447, 454 (6th Cir. 2006). "[W]e presume that where two statutory provisions proscribe the same offense, a legislature does not intend to impose two punishments for that offense." *Id.* (quoting *Rutledge v. United States*, 517 U.S. 292, 297 (1996)). Under the test described in *Blockburger v. United States*, 284 U.S. 299 (1932), "two statutes

proscribe different offenses only if each provision requires proof of a fact that the other does not." *United States v. Ehle*, 640 F.3d 689, 694 (6th Cir. 2011).

Each of the two provisions in question includes an element that the other does not. A person commits the crime of false personation if he "falsely assumes or pretends to be an officer or employee acting under the authority of the United States . . . and acts as such, or in such pretended character demands or obtains any money, paper, document, or thing of value . . . ." 18 U.S.C. § 912. A person commits aggravated identity theft if he "during and relation to an [enumerated felony], knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person . . . ." 18 U.S.C. § 1028A(a)(1). Section 912 thus requires the defendant to pretend to be a federal officer or employee, an element absent from § 1028A. Section 1028A requires a criminal act be committed in relation to one of several enumerated felonies, including, as relevant to Berryhill, wire fraud. Section 912, as applied here, requires that the defendant obtain or demand a thing of value, something that may be accomplished without also simultaneously committing one of the crimes numerated in § 1028A.

Berryhill suggests that the crime of aggravated identity theft proscribes the same conduct as his conviction for wire fraud and therefore violates the constitution. However, "[when] Congress intend[s] . . . to impose multiple punishments, imposition of such sentences does not violate the Constitution." *See Albernaz v. United States*, 450 U.S. 333, 344 (1981). Here, Congress clearly intended to provide multiple punishments. *See* 18 U.S.C. § 1028A(a)(1) ("Whoever, during and in relation to [an enumerated felony, including wire fraud, commits aggravated identity theft] shall, *in addition* to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years.") (emphasis added). Accordingly, the district

court did not commit error, plain or otherwise, in accepting Berryhill's guilty pleas as to both crimes.

### *Substantive Reasonableness*

Finally, Berryhill argues that his sentence was substantively unreasonable because it was greater than necessary, given the nature of his offense, and was based improperly on the testimony of an attorney representing the owners of the company Berryhill defrauded. However, we do not reach this issue because Berryhill expressly and unambiguously waived his right to appeal any sentence within the calculated guideline range, reserving his right of appeal only as to aspects of his sentence not relevant here. *See United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003) ("When a defendant waives his right to appeal his sentence in a valid plea agreement, this Court is bound by that agreement and will not review the sentence except in limited circumstances.") (internal quotation marks, citation, and alteration omitted).

AFFIRMED.