RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 22a0251p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

UNITED STATES OF AMERICA,

       *Plaintiff-Appellee*,

   *v.*

             No. 21-3881

SETH T. WINDHAM,

       *Defendant-Appellant.*

───────────────

Appeal from the United States District Court for the Northern District of Ohio at Akron.
No. 5:21-cr-00160-1—James S. Gwin, District Judge.

Decided and Filed: November 21, 2022

Before: COLE, CLAY, and MATHIS, Circuit Judges.

───────────────

**COUNSEL**

**ON BRIEF:** Agnes Trujillo, TRUJILLO & ASSOCIATES, PLLC, Strawberry Plains, Tennessee, for Appellant. Damoun Delaviz, UNITED STATES ATTORNEY'S OFFICE, Akron, Ohio, for Appellee.

───────────────

**OPINION**

───────────────

CLAY, Circuit Judge. In May 2021, Defendant Seth Windham pleaded guilty to federal kidnapping in violation of 18 U.S.C. § 1201. Windham now argues on appeal that no factual basis supported his guilty plea, and that he was unaware of the nature of the charges against him. For the reasons set forth below, the Court **AFFIRMS** Windham's conviction based on the district court's acceptance of Windham's guilty plea.

# I. BACKGROUND

In March 2021, a grand jury charged Windham with one count of kidnapping in violation of 18 U.S.C. § 1201(a)(1) and 18 U.S.C. § 2. The grand jury charged that Windham "did willfully and unlawfully . . . kidnap, abduct, and carry away a person" referred to as M.S., and held M.S. "for ransom and reward and otherwise, and did use a means, facilities, and instrumentalities of interstate and foreign commerce, namely, a cellular telephone and a motor vehicle, in committing and in furtherance of such offense . . . ."

Windham's attorney told the district court at the arraignment that he had gone over the indictment "word by word" with Windham. The court then advised Windham that in the first and only count, he was "charged with kidnapping and with aiding and abetting kidnapping" in violation of the federal kidnapping statute, 18 U.S.C. § 1201(a)(1). In a *pro se* motion, Windham later wrote that he had "been indicted [on] one count of 'kidnapping[,]'" confirming that he understood that he had been charged with a single count.

Despite initially pleading not guilty, Windham pleaded guilty in May of 2021 pursuant to a negotiated plea agreement. Windham's plea agreement provided that he pleaded guilty to a single count of kidnapping. The ninth paragraph of that agreement listed the elements of the offense to which he pleaded guilty, listing the elements of *both* 18 U.S.C. § 1201(a)(1) and of aiding and abetting under 18 U.S.C. § 2. The plea agreement also included a written factual basis for the crime. By signing that section, Windham stipulated that he willfully and unlawfully kidnapped M.S. and held him "for ransom and reward and otherwise . . . ." According to the plea, during the kidnapping, Windham and his accomplices "demanded of M.S. where the money was and demanded that M.S. return the money." In addition, Windham admitted that he and his accomplices held M.S. at gunpoint for an extended period of time. Importantly, Windham also confirmed that he used a cell phone and a motor vehicle in furtherance of that offense.

At his change of plea hearing, the district court asked Windham about the plea agreement. Windham confirmed to the court that he: (1) signed the plea agreement; (2) initialed each page; and (3) read and reviewed each paragraph with his attorney. Subsequently, the court told Windham, "in Count 1, you are charged with kidnapping in violation, and with aiding and

abetting the same, in violation of 18 United States Code § 1201(a)(1) and § 2." Shortly thereafter, Windham pleaded guilty. Several months later, the court sentenced Windham to 120 months in prison.

## II. DISCUSSION

### A. Factual Basis for the Guilty Plea

#### 1. Standard of Review

When, as in this case, a defendant pleads guilty before a district court and fails to challenge the factual sufficiency of that plea, the Court reviews the record for plain error. *See United States v. Mobley*, 618 F.3d 539, 544 (6th Cir. 2010); *United States v. Berryhill*, 587 F. App'x 310, 312 (6th Cir. 2014); *United States v. Taylor*, 627 F.3d 1012, 1017 (6th Cir. 2010). "To show plain error, a defendant must show (1) error (2) that was obvious or clear, (3) that affected defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Wallace*, 597 F.3d 794, 802 (6th Cir. 2010) (citing *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008)).

This appeal also involves questions of statutory interpretation and constitutional law. The Court reviews such questions *de novo*. *United States v. Young*, 533 F.3d 453, 460 (6th Cir. 2008); *First Choice Chiropractic, LLC v. DeWine*, 969 F.3d 675, 681 (6th Cir. 2020).

#### 2. Analysis

Federal Rule of Criminal Procedure 11(b)(3) requires a district court to determine whether a factual basis supports a defendant's guilty plea. Fed. R. Crim. P. 11(b)(3). That requirement exists "to ensure the accuracy of the plea through some evidence that a defendant actually committed the offense." *Mobley*, 618 F.3d at 545 (quotation and citations omitted). In determining whether a plea agreement satisfies Rule 11(b)(3), this Court may consider "the entire record . . . ." *United States v. Pitts*, 997 F.3d 688, 697 (6th Cir. 2021) (quotation and citations omitted). In this case, Windham contends that there was not sufficient evidence to establish that he committed the federal crime of kidnapping.

A person may be guilty of federal kidnapping if he:  (1) unlawfully kidnaps a person; (2) holds that person "for ransom or reward or otherwise"; and (3) "travels in interstate or foreign commerce or uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense . . . ."  18 U.S.C. § 1201(a)(1).

### a. Ransom or Reward or Otherwise

Windham incorrectly contends that the record fails to set forth a sufficient factual basis that he held M.S. for ransom, reward, or otherwise.

Section 1201(a) of the federal kidnapping statute makes it a crime to unlawfully confine "and hold[] for ransom or reward or otherwise any person . . . ." 18 U.S.C. § 1201(a).  This Court interprets the word "otherwise" broadly.  *United States v. Small*, 988 F.3d 241, 250 (6th Cir. 2021) (citations omitted).  Indeed, the Court has recognized that "Congress intended the statute to apply to persons who had been held not only for reward, *but for any other reason*."  *Id.* (emphasis added) (quotation and citation omitted).  Thus, the word "otherwise" refers to "any objective of a kidnaping which the defendant may find of sufficient benefit to induce him to commit the kidnaping."  *United States v. Sensmeier*, 2 F. App'x 473, 476 (6th Cir. 2001).  In this case, Windham admitted in his plea agreement that he and his accomplices kidnapped M.S. and repeatedly demanded money from him.  That admission is more than sufficient to serve as a factual basis that he unlawfully held M.S. "for ransom or reward or otherwise . . . ."  18 U.S.C. § 1201(a); *see also Small*, 988 F.3d at 250.

### b. Instrumentalities of Interstate Commerce

In 2006, Congress amended the federal kidnapping statute.  *See* Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, § 213, 120 Stat. 587, 616 (codified at 18 U.S.C. § 1201(a)(1)).  The statute now applies "when 'the offender travels in interstate or foreign commerce or uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense.'"  *Small*, 988 F.3d at 251 (emphasis removed) (quoting 18 U.S.C. § 1201(a)(1)).  Thus, the statute now reaches "kidnappings in which the defendant crosses state lines or channels or facilities of

interstate commerce were used to commit the crime, even when the physical kidnapping occurred within the borders of a single state." *Id.* (citation omitted). In this case, neither party contests that the kidnapping took place intrastate. Similarly, neither party challenges that Windham pleaded guilty to using both a cell phone and an automobile while committing the crime. The issue is whether, where the record does not establish that Windham used the cell phone or automobile to conduct interstate activity, the cell phone and automobile constitute instrumentalities of interstate commerce under § 1201(a)(1). In what appears to be a question of first impression for this Court, the Court finds that Windham's intrastate use of a cell phone and automobile satisfies § 1201(a)(1)'s interstate commerce requirements.

The Commerce Clause of the United States Constitution "delegates to Congress the power '[t]o regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes.'" *United States v. Lopez*, 514 U.S. 549, 552 (1995) (alteration in original) (quoting U.S. Const. art. I, § 8, cl. 3). That clause "contemplates congressional efforts 'to keep the channels of interstate commerce free from immoral and injurious uses.'" *Small*, 988 F.3d at 252 (quoting *Heart of Atlanta Motel, Inc. v. United States*, 379 U.S. 241, 256 (1964)). To that end, the Commerce Clause empowers Congress to regulate some activities that occur entirely intrastate. *See United States v. Morrison*, 529 U.S. 598, 609 (2000). However, even under the Supreme Court's "modern, expansive interpretation of the Commerce Clause, Congress' regulatory authority is not without effective bounds." *Id.* at 608 (citing *Lopez*, 514 U.S. at 557). Thus,

> the scope of the interstate commerce power must be considered in the light of our dual system of government and may not be extended so as to embrace effects upon interstate commerce so indirect and remote that to embrace them, in view of our complex society, would effectually obliterate the distinction between what is national and what is local and create a completely centralized government.

*Lopez*, 514 U.S. at 557 (quotation and citations omitted).

With those limitations in mind,

> modern Commerce Clause jurisprudence has identified three broad categories of activity that Congress may regulate under its commerce power . . . . First, Congress may regulate the use of the channels of interstate commerce . . . . Second, Congress is empowered to regulate and protect the instrumentalities of

interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities . . . . Finally, Congress' commerce authority includes the power to regulate those activities having a substantial relation to interstate commerce . . . .

*Morrison*, 529 U.S at 609 (quotations and citations omitted). Congress may not, however, "regulate noneconomic, violent criminal conduct based solely on that conduct's aggregate effect on interstate commerce." *Id.* at 617. That is because "[t]he regulation and punishment of intrastate violence that is not directed at the instrumentalities, channels, or goods involved in interstate commerce has always been the province of the States." *Id.* at 618.

Windham contends that Congress does not have power to regulate the kidnapping to which he pleaded guilty. Beyond citing the Supreme Court's broad language from *Morrison* and *Lopez*, however, Windham cites no authority to support his argument. As discussed below, this Court has repeatedly found that Congress may regulate crimes that occur entirely intrastate if the offender uses an instrumentality of interstate commerce "in committing or in furtherance of the commission of the offense." 18 U.S.C. § 1201(a)(1).

In *Small*, this Court held that a defendant who used a car to cross state lines and then commit an unlawful kidnapping satisfied "the interstate commerce element" of federal kidnapping. *Small*, 988 F.3d at 251–52. However, it appears that this Court has never ruled on whether the statute's interstate commerce element is satisfied when, as in this case, no evidence in the record shows that a car or cell phone was used interstate in committing or in furtherance of the kidnapping.

The government points to Sixth Circuit cases that it suggests are dispositive. It makes reference to *United States v. McHenry*, where the Court upheld a federal carjacking statute as a legitimate exercise of Congress' power to regulate interstate commerce. *United States v. McHenry*, 97 F.3d 125, 126–27 (6th Cir. 1996). However, *McHenry* is not dispositive. In *McHenry*, the Court upheld the statute *because* Congress designed it "to regulate and protect" an instrumentality of interstate commerce. *Id.* Unlike the carjacking statute, the kidnapping statute is meant to protect people, not an instrumentality of interstate commerce such as cars.

The government also relies upon *United States v. Faasse*, 265 F.3d 475 (6th Cir. 2001). In *Faasse*, the Court observed that "Congress may . . . regulate the instrumentalities of commerce, such as automobiles or planes . . . ." *Id.* at 483 n.6. But in *Faasse*, this Court addressed a child support bill that Congress passed to address "a dilemma it considered national in scope and whose resolution had defied the authority of the individual states." *Id.* at 485. In the instant case, the government fails to explain whether Congress passed the statute for similar reasons. The government additionally fails to identify any relevant similarities between the child support act and the kidnapping act at issue in this case.

Neither party points to a case in which a federal court directly addresses whether a car or cell phone that is not used on an interstate basis satisfies the statute's interstate commerce element. The Seventh Circuit appears to be the only circuit to have examined this question. *See United States v. Protho*, 41 F.4th 812 (7th Cir. 2022), *Petition for Writ of Certiorari on other grounds docketed* Oct. 21, 2022 (No. 22-5875). In *Protho*, the Seventh Circuit held that the statute does not ask courts "to consider each automobile's specific use in interstate commerce. Instead, it's the nature of the regulated object's class (here, automobiles) rather than the particular use of one member of that class (Protho's Ford Explorer) that matters." *Id.* at 828. To support its position, the Seventh Circuit examined its precedent regarding the federal murder-for-hire statute, 18 U.S.C. § 1958(a). *Id.* at 828–29. This Court agrees with the Seventh Circuit that in interpreting the federal kidnapping statute, it may be helpful to consider another federal statute concerning a crime that is traditionally regulated by states.

In *United States v. Weathers*, this Court examined the federal murder-for-hire statute and determined that the defendant's murder-for-hire scheme, which involved telephone usage, fell within the statute's purview. *United States v. Weathers*, 169 F.3d 336, 342 (6th Cir. 1999). The Court observed that "[i]t is well established that telephones, even when used intrastate, constitute instrumentalities of interstate commerce." *Id.* at 341 (citation omitted). Most relevant to the instant inquiry, the Court concluded that "a statute that speaks in terms of an instrumentality *in* interstate commerce rather than an instrumentality *of* interstate commerce is intended to apply to interstate activities only." *Id.* (emphasis in original) (citing *United States v. Barry*, 888 F.2d

1092, 1095 (6th Cir. 1989)). Conversely, therefore, statutes that refer to instrumentalities *of* interstate commerce apply to intrastate activities. *See id.*

In this case, the federal kidnapping statute refers to instrumentalities "*of* interstate or foreign commerce." 18 U.S.C. § 1201(a)(1) (emphasis added). The issue is therefore whether cars and cell phones are instrumentalities of interstate commerce, *not* whether they were used interstate. This Court has held repeatedly and unambiguously that cars and phones are instrumentalities of interstate commerce. *See, e.g.*, *Weathers*, 169 F.3d at 341 ("It is well established that telephones, even when used intrastate, constitute instrumentalities *of* interstate commerce." (emphasis in original)); *McHenry*, 97 F.3d at 126 ("[C]ars are themselves instrumentalities of commerce . . . ." (citation omitted)). Thus, the Seventh Circuit's reasoning in *Protho* coheres with Sixth Circuit precedent. *See Protho*, 41 F.4th at 828–29. When a car or a cell phone is used "in committing or in furtherance of" a kidnapping for ransom, reward, or otherwise, the federal kidnapping statute applies. 18 U.S.C. § 1201(a)(1).

Finally, Windham presents a meritless argument that there is no factual basis for the proposition that he intended to violate the federal kidnapping statute. As discussed above, Windham admitted in his plea agreement that he purposefully and willfully participated in holding M.S. at gunpoint and demanding money from him. The district court did not err in finding that the record contained a sufficient factual basis that Windham intended to participate in M.S.'s kidnapping.

## B. Knowing and Voluntary

### 1. Standard of Review

Federal Rule of Criminal Procedure 11 "requires that a district court verify the defendant's plea is voluntary and that the defendant understands his or her applicable constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that the defendant committed the crime charged." *Pitts*, 997 F.3d at 701 (quoting *United States v. Webb*, 403 F.3d 373, 378–79 (6th Cir. 2005)). When, as in this case, "a defendant fails to object contemporaneously to the district court's alleged failure to comply with the requirements of Rule 11," this Court reviews for plain error. *Webb*, 403 F.3d at

378 (citing *United States v. Vonn*, 535 U.S. 55, 59 (2002)). "To show plain error, a defendant must show (1) error (2) that was obvious or clear, (3) that affected defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Wallace*, 597 F.3d 794, 802 (6th Cir. 2010) (citation omitted).

### 2. Analysis

In his brief on appeal, Windham avers that he was "wrongly informed throughout proceedings that he was charged with two substantive crimes . . . ." Those two separate crimes, according to Windham, were federal kidnapping and aiding and abetting. He then asserts that "the plea agreement clearly indicates that Windham is pleading guilty to aiding and abetting kidnapping," and not kidnapping. Therefore, he contends, his plea was induced by a misunderstanding. Windham is wrong and his argument borders on frivolous. The record, from the complaint to the indictment to the arraignment to the guilty plea, demonstrates that Windham was only ever charged with a single count: federal kidnapping. Furthermore, Windham himself acknowledged in his *pro se* motion that he was charged with a single count. The district court therefore did not commit an error, let alone a plain error.

"A criminal defendant is bound by the answers he gives when the 'court has scrupulously followed the required procedure' for a properly conducted plea colloquy." *Pitts*, 997 F.3d at 701 (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)). In this case, the district court complied with Rule 11. The record, moreover, reflects that Windham was well aware of, and understood, the charges against him. The district court did not err in accepting his guilty plea.

### CONCLUSION

For the reasons stated above, the Court **AFFIRMS** Windham's conviction pursuant to the district court's acceptance of his guilty plea.