RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 25a0033p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

GEORGE WESLEY SHORT,

*Defendant-Appellant*.

No. 24-5269

Appeal from the United States District Court for the Eastern District of Tennessee at Greeneville.
No. 2:23-cr-00022-1—Clifton Leland Corker, District Judge.

Argued:  February 7, 2025

Decided and Filed:  February 14, 2025

Before:  THAPAR, NALBANDIAN, and RITZ, Circuit Judges.

_____

## COUNSEL

**ARGUED:**  Conrad Benjamin Kahn, FEDERAL DEFENDER SERVICES OF EASTERN TENNESSEE, INC., Knoxville, Tennessee, for Appellant.  Luke A. McLaurin, UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellee.  **ON BRIEF:**  Conrad Benjamin Kahn, FEDERAL DEFENDER SERVICES OF EASTERN TENNESSEE, INC., Knoxville, Tennessee, for Appellant.  Luke A. McLaurin, UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellee.

_____

## OPINION

_____

THAPAR, Circuit Judge.  When police officers saw George Short driving twenty-five miles per hour over the speed limit and without a car hood, they tried to initiate a traffic stop.

But Short refused to obey their orders and led the officers on a high-speed chase. When the officers caught and arrested Short, they found a rifle in his car. Short wasn't allowed to have the rifle since he had several prior felonies, so he pled guilty to being a felon in possession of a firearm. Given Short's prior violent felonies, he was sentenced as an armed career criminal. But Short argues that the factual basis in support of his plea agreement was insufficient. It wasn't, so we affirm.

I.

Because Short had prior felonies, the government indicted him for possessing a firearm as a felon under 18 U.S.C. § 922(g)(1). The government then modified the indictment. The updated version listed Short's four prior violent felonies (committed years apart from one another) and stated that he had committed them on separate occasions. The government added this material so it could seek a sentencing enhancement under the Armed Career Criminal Act (ACCA).

Why the ACCA enhancement? Because ACCA provides that defendants who violate § 922(g) are subject to its sentencing enhancements if they have three previous convictions for violent felonies and committed those crimes on separate occasions. 18 U.S.C. § 924(e)(1).

ACCA's application mattered a great deal for Short's sentence. Without it, Short would face at most ten years in prison for illegally possessing a firearm as a felon. *See id.* §§ 922(g)(1), 924(a)(2) (2021).[1] Under ACCA, Short would face at least fifteen years in prison. *See id.* § 924(e)(1).

A few months after the government amended the indictment to reflect the ACCA enhancement, Short pled guilty to the offense as charged (without a plea agreement). Unlike his indictment, the written, joint factual basis in support of his guilty plea didn't mention whether Short had committed any prior felonies or whether he had committed them on separate occasions. When the district court informed Short at his change of plea hearing that he faced an

---

[1]In June 2022, Congress raised the maximum penalty for § 922(g) violations from ten years to fifteen years. *See* 18 U.S.C. § 924(a)(8) (2022). But Short committed his offense before Congress enacted that change. So the ten-year maximum would apply to him if he were not sentenced under ACCA.

ACCA-enhanced term of imprisonment of 15 years to life, Short said he understood and stood by his guilty plea.

After that hearing, the probation office recommended in its presentence report that Short be sentenced under ACCA. Short objected to the ACCA enhancement and pointed to *Wooden v. United States* in support. *See* 595 U.S. 360 (2022). He argued that the Fifth and Sixth Amendments "require that the occasions-different fact necessary to impose the ACCA be found by a jury beyond a reasonable doubt or admitted to by [him]." R. 34, Pg. ID 189. And he noted that the written factual basis that he and the government had signed "only admitted to facts pertaining to" his § 922(g) violation; it didn't say anything about the separate occasions on which he'd committed his prior violent felonies. *Id.* Therefore, said Short, he should be sentenced for his § 922(g) violation without the ACCA enhancement.

At the time, Sixth Circuit precedent allowed the district court to determine for itself whether the defendant had committed his prior felonies on different occasions. *See, e.g.*, *United States v. Williams*, 39 F.4th 342, 351 (6th Cir. 2022). In opposing Short's objection, the government didn't rely on that circuit precedent. Instead, the government argued that the separate-occasions element had to be found by a jury or waived by the defendant. And according to the government, Short waived his jury trial right "when he pleaded guilty to the ACCA-enhanced offense as charged," so he had waived his right to have the separate-occasions element found by a jury. R. 36, Pg. ID 197.

At his sentencing hearing, Short argued that he hadn't waived his right to a jury determination, since the written factual basis didn't mention the separate-occasions element. When invoking the factual basis requirement in support of his waiver argument, Short contended that the defendant must "be specifically told about" the elements and consequences of the crime to which he's pleading guilty. R. 51, Pg. ID 468. The government responded in part by arguing that Federal Rule of Criminal Procedure 11(b)(3) allows a court to find a factual basis for a plea even if the joint factual basis submitted to the court doesn't include information on every element.

The district court overruled Short's objection by relying on circuit precedent. Months later, the Supreme Court abrogated that precedent. The Court held that the Constitution requires a unanimous jury to determine beyond a reasonable doubt (or a defendant to admit) that the defendant committed his past offenses on separate occasions for ACCA to apply. *Erlinger v. United States*, 602 U.S. 821, 834–35 (2024).

Here, Short argues that the district court erred in accepting his guilty plea because the written factual basis didn't include any facts about whether he had committed his prior felonies on different occasions. So, Short argues, his plea didn't rest on a sufficient factual basis, as required by Federal Rule of Criminal Procedure 11(b)(3).

II.

Short's appeal attempts to fuse Rule 11 with the Fifth and Sixth Amendments. He argues that because of the Supreme Court's decision in *Erlinger* regarding the jury trial right under the Fifth and Sixth Amendments, "a plea can only support a conviction for an aggravated offense if the factual basis includes an admission that the defendant committed the prior offenses on different occasions or if a jury has decided this beyond a reasonable doubt." Appellant Br. at 16. So, he reasons, his plea wasn't up to snuff under Rule 11 because its written factual basis didn't contain any facts about whether he had committed his prior violent felonies on different occasions.

Rule 11's protections do guard against "inadvertent and ignorant waivers of constitutional rights." *United States v. Vonn*, 535 U.S. 55, 67 (2002). But Rule 11 provides a set of legal protections distinct from those in the Constitution itself. Rule 11(b)(3)'s factual basis requirement "is not a requirement of the Constitution." *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995). So, in resolving Short's appeal, we must keep separate legal rules like Rule 11 and the Constitution separate. Indeed, Short is adamant here that his appeal is based on Rule 11 and not the Constitution. Reply Br. at 15 n.7 ("[Short's] claim on appeal isn't about a jury trial right—it's about the sufficiency of the factual basis . . . .").

Short's Rule 11 challenge fails.

III.

The parties disagree about whether plain error should govern Short's Rule 11 appeal. Normally, we review district court compliance with Rule 11 for an abuse of discretion. *See, e.g.*, *United States v. Bennett*, 291 F.3d 888, 894 (6th Cir. 2002). But plain error review applies when a defendant doesn't challenge the factual basis of his guilty plea before the district court. *United States v. Windham*, 53 F.4th 1006, 1009 (6th Cir. 2022). Short did challenge the factual basis of his plea before the district court, but he housed that argument under his constitutional right to a jury trial. Now, he lodges it under Rule 11(b)(3). That shift has impacted the framing of his factual basis arguments.

Still, we need not decide whether plain error review should apply, since the district court committed no error at all.

Under Rule 11, before the district court enters judgment on a defendant's guilty plea, "the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). This rule doesn't require an on-the-record colloquy with the defendant. Rather, it "requires that the court *subjectively* satisfy *itself* of an adequate factual basis." *United States v. Adams*, 961 F.2d 505, 511 (5th Cir. 1992) (per curiam). This is a low bar. The district court need only "some evidence," not necessarily "strong evidence," that the defendant committed the offense. *United States v. Mobley*, 618 F.3d 539, 547 (6th Cir. 2010) (citations omitted); *Tunning*, 69 F.3d at 111–12.

And under the plain text of Rule 11, the district court must only assure itself of a factual basis before entering "judgment" on the defendant's plea. Fed. R. Crim. P. 11(b)(3). All that's required "is a factual basis in the record when the district court enters judgment." *United States v. Pitts*, 997 F.3d 688, 697 (6th Cir. 2021). So, in assessing the district court's factual basis determination, we "may examine the entire record, including proceedings that occurred *after* the plea colloquy." *United States v. McCreary–Redd*, 475 F.3d 718, 722 n.1 (6th Cir. 2007) (citation omitted). Short's "sentencing proceedings and record documents may contribute to or provide [his] plea agreement's factual basis." *Pitts*, 997 F.3d at 697.

So, the fact that Short's written factual basis lacks any findings on ACCA's separate-occasions element doesn't prohibit finding that his plea rested on a sufficient factual basis. Indeed, Short's written factual basis acknowledged that its facts "do not necessarily constitute all the facts in this case" and that "[o]ther facts may be relevant to sentencing." R. 25, Pg. ID 44. There are many ways to satisfy the requirements of Rule 11(b)(3). A written factual basis is "*a* method of establishing a factual basis," not the only way. *McCreary–Redd*, 475 F.3d at 724 (emphasis added). Indeed, there's no requirement that there be a written factual basis at all.

Short's indictment, PSR, and sentencing hearing provided a sufficient factual basis for his plea to the superseding indictment charging him with violations of § 922(g) and § 924(e)(1).

Consider the different pieces of evidence that provided a sufficient factual basis, beginning with the indictment. The indictment itself can contribute to the factual basis finding. *Pitts*, 997 F.3d at 698 (citing 5 Wayne R. LaFave, et al., Criminal Procedure § 21.4(f) (4th ed. 2020)). Short's indictment expressly listed his four violent felony predicates committed years apart. It also alleged that they'd been committed "on occasions different from one another, in violation of" § 924(e)(1). R. 7, Pg. ID 12.

Short's PSR provides further support for the factual basis finding. We can rely on the PSR in determining whether there was a sufficient factual basis. *Pitts*, 997 F.3d at 698. Indeed, a PSR can bear much of Rule 11(b)(3)'s burden. In *United States v. Bennett*, for example, the court relied solely on the defendant's PSR and witness testimony to conclude there was a sufficient factual basis. 291 F.3d at 896–97.

Short's PSR provides abundant evidence that he committed his prior violent felonies on separate occasions. Like his superseding indictment, Short's PSR included an aggravated robbery from 1992, an aggravated burglary from 2001, an aggravated burglary from 2007, and a burglary from 2010. Short never disputed that he'd been convicted of these violent crimes, or that they had been committed years apart from one another. *Cf. Wooden*, 595 U.S. at 369–70 ("In many cases, a single factor—especially of time or place—can decisively differentiate occasions. Courts, for instance, have nearly always treated offenses as occurring on separate

occasions if a person committed them a day or more apart, or at a 'significant distance.'" (citation omitted)).

Short argues that *Bennett* is wrong because it ignores earlier precedent limiting our review to the change of plea record. Therefore, he claims that earlier precedent—namely, *United States v. Tunning*—controls.

But we only disregard later circuit precedent for earlier circuit precedent when the two conflict. *Habich v. City of Dearborn*, 331 F.3d 524, 530 n.2 (6th Cir. 2003). There's no conflict between *Tunning* and *Bennett*. *Tunning* didn't say, let alone hold, anything about whether the plea hearing record was the *exclusive* source of information for purposes of establishing the factual basis (thus barring any reliance on the PSR). *See* 69 F.3d at 112. After quoting *Tunning* at length, *Bennett* added that a PSR and sentencing hearings can serve as evidence. *See Bennett*, 291 F.3d at 895–97.

Indeed, that lack of conflict helps explain why we have "repeatedly considered a defendant's PSR to confirm that a factual basis existed below." *Pitts*, 997 F.3d at 698.

Short also argues that *Bennett* conflicts with *United States v. Goldberg*, 862 F.2d 101 (6th Cir. 1988). In *Goldberg*, the government argued that it was permissible for the court to consider evidence outside the record (namely, a series of inferences about the defendant's knowledge) to support its factual basis finding. *Id.* at 106. We disagreed and held that it was not permissible for the district court to rely on extra-record inferences. *Id.*

Importantly, although *Goldberg* said we limit our review of the factual basis's sufficiency "to the record of the plea proceeding," the court was not confronted with and did not address any arguments about whether the record post-plea colloquy could support a factual basis finding. *Id.* at 105. The question was whether extra-record evidence could support a factual basis, not whether post-plea colloquy record evidence could. "There was no 'application of the judicial mind'" to the question of whether post-plea colloquy record evidence could support a factual basis because there were no arguments raised on that front, the question wasn't relevant to the case at hand, and there was no "controversy" about it. *Wright v. Spaulding*, 939 F.3d 695, 704 (6th Cir. 2019) (citation omitted). Because *Goldberg* held nothing about whether post-plea

colloquy record evidence (like PSRs) can support a sufficient factual basis finding, it does not conflict with later precedent relying on post-plea colloquy record evidence in assessing the sufficiency of the factual basis. *See Pitts*, 997 F.3d at 698 (collecting cases).

Still, Short argues that even if we can consider the PSR, we shouldn't do so here. He reiterates that only facts he has admitted to or were proven beyond a reasonable doubt can support the factual basis. But it's incoherent to require facts underlying a guilty plea to be proven beyond a reasonable doubt—by pleading guilty, the defendant is forgoing his right to have these facts proven beyond a reasonable doubt. At bottom, Short's argument is a misguided attempt to import *Erlinger* into Rule 11(b)(3), which we won't do.

Short's attempt to analogize his case to *McCreary–Redd* also fails. In that case, the defendant pled guilty to possessing cocaine with an intent to distribute it. 475 F.3d at 719–20. We concluded that there was an insufficient factual basis under Rule 11(b)(3) for the plea, particularly with respect to the intent to distribute. The court didn't read the indictment or summarize the charges, and the defendant didn't admit to intending to distribute narcotics. *Id.* at 723–24. And the written factual basis only mentioned the small quantity of cocaine at issue. *Id.* at 724. Given that small quantity, it was "ambiguous" whether there was an intent to distribute (the quantity was small enough to be for mere personal consumption). *Id.* Thus, there was a complete "absence" of a factual basis in the record. *Id.* (citation omitted). Here, by contrast, facts in support of the separate-occasions element were explicitly listed in the indictment and PSR—and presented at sentencing.

Indeed, Short's sentencing hearing reinforces his plea's sufficient factual basis. *See Pitts*, 997 F.3d at 697. There, the government provided judgments and supporting records of his prior violent felony convictions committed years apart from each other. Again, Short didn't dispute any of these convictions.

In sum, no Rule 11(b)(3) problem arises from the fact that the factual basis for Short's plea didn't include an admission that he had committed his predicate offenses on different occasions. There was plenty of evidence—courtesy of his indictment, PSR, and sentencing hearing—to conclude that he had committed the offenses on different occasions.

\*          \*          \*

Because there was a sufficient factual basis supporting Short's guilty plea, we affirm his ACCA conviction and sentence.