**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 23-4760**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TIMOTHY MANN,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Richard E. Myers, II, Chief District Judge.  (5:23-cr-00014-M-KS-1)

───────────────

Submitted:  July 30, 2025                    Decided:  September 18, 2025

───────────────

Before THACKER, HARRIS, and BERNER, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  Ryan M. Prescott, PRESCOTT LAW, PLLC, Winterville, Georgia, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Kristine L. Fritz, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Mann pled guilty, without a plea agreement, to two counts of cyberstalking, in violation of 18 U.S.C. § 2261A(2), and the district court sentenced him to 36 months' imprisonment, a downward variance from his Sentencing Guidelines range. On appeal, Mann argues that the district court plainly erred in finding that a factual basis supported his guilty plea. Specifically, Mann contends that the information available to the court when it accepted his plea failed to show that he possessed the intent to injure, harass, or intimidate the victims. We affirm.

Because Mann did not object during the guilty plea colloquy or move to withdraw his plea, we review his challenge to the factual basis for plain error. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). "To show plain error, [Mann] must prove that (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Garrett*, 141 F.4th 96, 103 (4th Cir. 2025) (internal quotation marks omitted). In the guilty plea context, a defendant establishes that an error affected his substantial rights by demonstrating "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Kemp*, 88 F.4th 539, 545 (4th Cir. 2023) (internal quotation marks omitted). "An appellate court conducting plain-error review may consider the *entire* record—not just the record from the *particular proceeding* where the error occurred." *Greer v. United States*, 593 U.S. 503, 511 (2021); *see also United States v. Short*, 128 F.4th 823, 826 (6th Cir. 2025) ("[I]n assessing the district court's factual basis determination, [the appellate court] may examine the entire

2

record, including proceedings that occurred *after* the plea colloquy." (internal quotation marks omitted)).

Before accepting a guilty plea, the district court must conduct a colloquy in which it ensures, among other requirements, "that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). This "rule is intended to ensure that the court make clear exactly what a defendant admits to, and whether those admissions are factually sufficient to constitute the alleged crime." *United States v. Mastrapa*, 509 F.3d 652, 659-60 (4th Cir. 2007) (internal quotation marks omitted). Additionally, "[t]he requirement to find a factual basis is designed to protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge." *Id.* at 660 (internal quotation marks omitted).

"When determining whether sufficient facts support a plea, the district court does not need to satisfy itself that a jury would find the defendant guilty, or even that the defendant is guilty by a preponderance of the evidence." *United States v. Miller*, 75 F.4th 215, 225 (4th Cir. 2023) (alteration and internal quotation marks omitted). Rather, "it need only assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." *Id.* (internal quotation marks omitted). A "district court may conclude that a factual basis exists from anything that appears on the record," and "it need only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense." *United States v. Stitz*, 877 F.3d 533, 536 (4th Cir. 2017) (internal quotation marks omitted).

3

At issue here is the intent element of § 2261A(2). To satisfy this element, the Government had to show that Mann possessed "the intent to . . . injure, harass, [or] intimidate" the victims through his course of conduct. 18 U.S.C. § 2261A(2)(A); *see United States v. Shrader*, 675 F.3d 300, 309-10 (4th Cir. 2012).

After reviewing the record before, during, and after the guilty plea, we conclude that there are sufficient facts to demonstrate that Mann possessed the intent to injure, harass, or intimidate the victims. Mann's messages to the victims did not contain vague insults; instead, they contained escalating threats of despicable actions against the victims and their family members, sometimes accompanied by photographs or phrases indicating that Mann knew the victims' locations. Moreover, Mann warned the victims to take his threats seriously and continued to send them messages despite their persistent efforts to avoid him. *See Shrader*, 675 F.3d at 303-04, 312 (concluding that sufficient evidence supported intent element when defendant sent disturbing, threatening manifesto to victims and persisted on calling them at their home despite being asked to stop); *United States v. Conlan*, 786 F.3d 380, 387 (5th Cir. 2015) (concluding that sufficient evidence supported intent element when defendant's messages to victim contained "increasingly ominous" threats and when defendant did not desist when asked to do so but "escalated his behavior," instead).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4