NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0136n.06

Case Nos. 25-5283/5285

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Mar 13, 2026
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| AUSTIN DAVID STAFFORD, | ) | KENTUCKY |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: BUSH, READLER, and DAVIS, Circuit Judges.

READLER, Circuit Judge. In two separate cases, Austin David Stafford pleaded guilty to producing child pornography. He now appeals his convictions, contending that the district court violated Rule 11(b)(3) of the Federal Rules of Criminal Procedure by accepting his pleas in the absence of factual bases to support them. Stafford also asserts that because his offenses had no substantial relation to interstate commerce, the district court lacked jurisdiction over his prosecution. We reject these arguments and affirm the district court.

I.

Two federal grand juries indicted Austin David Stafford for coercing two minors (Victim C and Victim E) to engage in sexually explicit conduct for the purpose of producing visual depictions in violation of 18 U.S.C. § 2251(a). For both offenses, the government asserted that

the devices used to film the sexual encounters had traveled in interstate or foreign commerce and that the video recordings were transmitted on Facebook via the internet.

Stafford pleaded guilty in both cases. As to Victim C, Stafford pleaded guilty to sharing the sexually explicit videos of Victim C in a group message on Facebook and to an individual via Facebook direct message. As to Victim E, Stafford pleaded guilty to using a fake online persona to coerce Victim E to send him sexually explicit videos and to engage in sex acts with Stafford and others. Stafford's plea agreements included identical, broad appeal waivers. In each, Stafford agreed to "waive[] the right to appeal the guilty plea and conviction" and "the right to attack collaterally the guilty plea, conviction, and sentence." Plea Agreement, No. 25-5285, R. 48, PageID 147; Plea Agreement, No. 25-5283, R. 40, PageID 114.

Nonetheless, in this consolidated appeal, Stafford now challenges both convictions. Primarily, Stafford asserts that the district court erred in accepting his pleas because there were insufficient factual bases for the pleas under Rule 11. *See* Fed. R. Crim. P. 11(b)(3) (requiring the district court to determine that there is a factual basis for the plea before entering judgment). Relatedly, Stafford argues that he sent only encrypted messages via Facebook Messenger and that such encrypted messages do not have a substantial relation to interstate commerce. To Stafford's mind, it follows, the district court improperly exercised jurisdiction over his case given the absence of an interstate commerce nexus. We take each issue in turn.

II.

Consider first Stafford's Rule 11 challenge. Stafford claims that the district court "failed to establish essential elements" of his offenses, specifically "that Stafford transmitted illicit videos, by what device," and that he "knew []or had reason to know private encrypted messages were sent

2

in interstate commerce." Appellant Br. 17. As such, he says, the district court erred in accepting his pleas.

We begin with two procedural points. First is the fact that Stafford's plea agreement appeal waiver does not apply to his Rule 11 challenge. Appeal waivers generally do not bar claims that there is an insufficient factual basis to support a guilty plea in violation of Rule 11(b)(3), as such challenges go to the validity of the plea itself. *See United States v. Puentes-Hurtado*, 794 F.3d 1278, 1284 (11th Cir. 2015); *United States v. Crain*, 877 F.3d 637, 645 (5th Cir. 2017); *United States v. Duplessis*, No. 14-6558, 2016 WL 11782545, at *1 (6th Cir. 2016) (mem.). We thus may reach the merits of Stafford's Rule 11 challenge despite his appeal waiver.

The second is our standard of review. Because Stafford failed to raise a Rule 11 objection before the district court, we review for plain error. *United States v. Mobley*, 618 F.3d 539, 544 (6th Cir. 2010). As a result, we may not reverse the district court unless it committed a clear or obvious legal error that affected appellant's substantial rights and seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id.* (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

Stafford has failed to establish plain error. Before entering a guilty plea, the district court was required to ensure there was a factual basis for Stafford's plea. *See* Fed. R. Crim. P. 11(b)(3). Specifically, Rule 11(b)(3) "requires that the court *subjectively* satisfy *itself* of an adequate factual basis" to support a guilty plea. *United States v. Short*, 128 F.4th 823, 826 (6th Cir. 2025) (quoting *United States v. Adams*, 961 F.2d 505, 511 (5th Cir. 1992) (per curiam)). To be so assured, however, "[t]he district court need only 'some evidence,' not necessarily 'strong evidence,' that the defendant committed the offense." *Id.* (quoting *Mobley*, 618 F.3d at 547). In assessing the district court's factual determination, we consider the entire factual record—including the record

documents—not just the plea colloquy. *See United States v. Pitts*, 997 F.3d 688, 697 (6th Cir. 2021); *United States v. McCreary-Redd*, 475 F.3d 718, 722 n.1 (6th Cir. 2007).

Here, we are assured that the district court correctly determined that there were factual bases for Stafford's pleas. 18 U.S.C. § 2251(a) criminalizes sexually exploiting a minor "for the purpose of producing any visual depiction of" that sexual exploitation if, among other things, that visual depiction was "produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer." Viewed against this statutory backdrop, Stafford's plea agreements along with his plea colloquies provided adequate factual bases to support his pleas. Stafford admitted that "the electronic devices used to . . . capture the sexually explicit visual depictions were manufactured outside of Kentucky and had traveled in interstate or foreign commerce." Plea Agreement, No. 25-5283, R. 40, PageID 112. He also admitted to "distributing the videos of Victim C" in a group message on Facebook and again via direct message. *Id.* As to Victim E, Stafford admitted that the "electronic device [used to capture the sexually explicit video] was manufactured outside the state of Kentucky and was transmitted to Stafford using the internet." Plea Agreement, No. 25-5285, R. 48, PageID 145. Stafford further admitted to persuading Victim E to "do a video" using a cell phone, Colloquy, No. 25-5285, R. 107, PageID 607, and to doing a video with Victim C, Colloquy, No. 25-5283, R. 94, PageID 342. These facts supply sufficient factual bases for Stafford's pleas. *Cf. Short*, 128 F.4th at 827. And, contrary to Stafford's assertions, the district court, to find a factual basis for a § 2251(a) violation, did not need to consider whether Stafford knew the underlying content was produced or transmitted using materials connected to interstate commerce. *See generally Rehaif v. United States*, 139 S. Ct. 2191, 2196 (2019) (explaining that there is generally no mens rea requirement for the interstate commerce nexus). *See United States v. Deakins*, 152 F.4th 693, 707–

08 (6th Cir. 2025) (recognizing that the mens rea for § 2251 centrally concerns whether the defendant sexually exploits victims "for the purpose of producing any visual depiction" and the interstate commerce element can be satisfied without reference to defendant's state of mind); *see also United States v. Lively*, 852 F.3d 549, 565 (6th Cir. 2017) (similar).

Shifting gears, Stafford attempts to frame his appeal as a constitutional Commerce Clause challenge to Congress's ability to regulate his conduct, which, to his mind, raises jurisdictional questions for our review. This argument fails across the board. To begin, Stafford's argument does not raise issues regarding our subject matter jurisdiction. *See United States v. Corp*, 668 F.3d 379, 384–85 (6th Cir. 2012) (explaining that defendant's Commerce Clause claim does not constitute a challenge to the district court's jurisdiction). We understand Stafford's argument that Congress "does not have authority to regulate [his] . . . private cell phone communications," Appellant Br. 17, to challenge Congress's "jurisdiction" to pass a law, not the district court's ability to exercise subject matter jurisdiction. *See United States v. Al-Maliki*, 787 F.3d 784, 791 (6th Cir. 2015). And on that front, it bears noting that unlike challenges to a court's subject matter jurisdiction, which are not waivable, *see United States v. Pickett*, 941 F.2d 411, 417 (6th Cir. 1991), challenges to Congress's constitutional authority to pass a law can be waived by litigants through plea agreement appeal waivers, *see Al-Maliki*, 787 F.3d at 791. That is the case here, where Stafford accepted an appeal waiver that waived his "right to appeal the guilty plea and conviction" and "the right to attack collaterally the guilty plea, conviction, and sentence." Plea Agreement, No. 25-5285, R. 48, PageID 147; Plea Agreement, No. 25-5283, R. 40, PageID 114. His Commerce Clause challenge falls fairly within the scope of this appeal waiver. *Cf. Corp*, 668 F.3d at 385 (explaining that the defendant's unconditional guilty plea waived appellate review of his Commerce Clause challenge); *see also United States v. Studabaker*, 578 F.3d 423, 429–30 (6th

Cir. 2009) (defendant's failure to reserve his right to appeal an interstate commerce challenge to his conviction at his guilty plea hearing waived his right to appellate review). Thus, Stafford's appeal waiver precludes us from reaching the merits of his claim.

*　　*　　*　　*　　*

We affirm.