NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0249n.06

No. 25-5684

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jun 02, 2026
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE |
| Plaintiff–Appellee, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JUSTIN DESHUN STIGER, | ) | |
| | ) | OPINION |
| Defendant–Appellant. | ) | |
| | ) | |

---

Before: COLE, STRANCH, and BUSH, Circuit Judges.

**JOHN K. BUSH, Circuit Judge**. After Justin Stiger pleaded guilty to conspiracy to possess with intent to distribute, the district court sentenced him to 120 months in prison. On appeal, Stiger contends that the district court erred when it accepted his guilty plea, denied his motion to withdraw his plea, and sentenced him to 120 months in prison. For the following reasons, we **AFFIRM.**

**I.**

In April 2022, a confidential informant told the Memphis Police Department (MPD) that Cesar Alberto Santana-Monarrez and Gilbert Anthony Rodriguez were storing fentanyl and cocaine at the La Quinta Inn & Suites in Memphis. After searching the suspects' hotel room, detectives found large quantities of those drugs and arrested both men.

During a subsequent investigation conducted by the Drug Enforcement Agency, another informant told detectives that Stiger and Santana-Monarrez sold drugs, distributing from the La Quinta Inn & Suites. Although Stiger lived in Arizona, he would routinely visit Memphis to help

conduct the transactions. And just two months after the hotel search in Memphis, police officers in Arizona arrested Stiger after finding cocaine, fentanyl, and methamphetamine in his vehicle.

A grand jury indicted Stiger of conspiracy to possess cocaine and fentanyl with intent to distribute (counts 1 and 2) and aiding and abetting the same crime (counts 3 and 4). After a trial, a jury found Stiger not guilty of the aiding and abetting counts, but it remained deadlocked on the conspiracy counts. So the court set a new trial date for the conspiracy counts.

Before the second trial commenced, Stiger pleaded guilty to conspiracy to possess with intent to distribute in exchange for dismissal of the remaining conspiracy count and a joint recommendation of a 60-month prison sentence. If Stiger breached, by his "attempt[] to withdraw his plea," then the agreement would release the government from its duties, and it would be able to "argue for any sentence within statutory limits." R. 174, Plea Agreement, PageID 446. Stiger, however, would remain bound to his guilty plea in the event of his breach. Stiger also waived his right to appeal unless his sentence exceeded the statutory maximum or the Guidelines range established by the district court at sentencing.

The district court accepted Stiger's guilty plea at a change-of-plea hearing. At that hearing, Stiger acknowledged that he understood the "nature and meaning of the charge" to which he was pleading guilty, including "the elements" of the offense. R. 196, Change of Plea Hr'g Tr., PageID 620–21. The government then recited its proof to establish the factual basis for Stiger's guilty plea. Specifically, it described that the MPD arrested Santana-Monarrez after it searched his La Quinta Inn room and found large quantities of cocaine and fentanyl. Santana-Monarrez's phone also included messages with Stiger (about Stiger's flight to Memphis and the address of the hotel), and an interview with Santana-Monarrez revealed that Stiger sourced narcotics from Arizona and sold them in Memphis.

The district court asked Stiger if he disagreed with the government's account. Although Stiger initially told the district court "Yeah," he clarified that he agreed with the government after conferring with counsel. *Id.* at 628–29. Stiger also stipulated to the facts as described by the government. The government then summarized all the terms of the agreement, and Stiger acknowledged that he understood them. The district court accepted his plea.

Later, through new counsel, Stiger moved to withdraw his guilty plea. In his motion, he asserted that he was innocent and pleaded guilty only because of pressure from his former lawyer. Stiger explained at the hearing that he was not making an involuntary guilty plea argument, but an actual innocence one. The district court denied the motion.

The government filed a notice of Stiger's breach of the plea agreement, and the district court agreed with the government. The district court ultimately imposed a within-Guidelines sentence of 120 months in prison. Stiger timely appealed.

## II.

Stiger contends that his guilty plea was "invalid" because the district court did not comply with Federal Rule of Criminal Procedure 11 in two respects: it failed to (1) ensure his plea was knowing, voluntary, and intelligent, and (2) establish a factual predicate for the plea.[1] We disagree.

As a threshold matter, the parties dispute whether plain error or de novo review applies. We review this claim de novo notwithstanding the government's preservation objections because Stiger loses under any standard of review. *See United States v. Short*, 128 F.4th 823, 826 (6th Cir. 2025); *see also United States v. Catchings*, 708 F.3d 710, 716 (6th Cir. 2013).

---

[1] Stiger also contends that without a sufficient factual basis, venue may not have been proper in the Western District of Tennessee. Because Stiger makes this argument for the first time on appeal, it is forfeited. *See Bannister v. Knox Cnty. Bd. of Educ.*, 49 F.4th 1000, 1011 (6th Cir. 2022) ("A forfeiture occurs when a party fails to timely assert a claim, even if the party does so unintentionally[.]").

Rule 11 ensures "that a district court verify the defendant's plea is voluntary and that the defendant understands his or her applicable constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that the defendant committed the crime charged." *United States v. Windham*, 53 F.4th 1006, 1013 (6th Cir. 2022) (quoting *United States v. Pitts*, 997 F.3d 688, 701 (6th Cir. 2021)).

To comply with Rule 11(b)(1)(G), a defendant must "understand the critical or essential elements of the offense to which he or she pleads guilty." *United States v. Williams*, 941 F.3d 234, 236 (6th Cir. 2019) (per curiam) (quoting *United States v. Valdez*, 362 F.3d 903, 909 (6th Cir. 2004)) (cleaned up). That means Stiger needed, at minimum, to understand the essential elements of conspiracy, *see id.*, including that he joined the conspiracy with the "intent that the underlying crime be committed by some member of the conspiracy," *Ocasio v. United States*, 578 U.S. 282, 288 (2016) (quoting 2 Kevin F. O'Malley, et al., *Federal Jury Practice and Instructions* § 31:03 (6th ed.)) (quotation marks and emphasis omitted).

The district court met this requirement. At the hearing, Stiger stated that he received a copy of the indictment, reviewed it, and discussed it with his lawyer. He said that his lawyer "advise[d] [him] as to every element of the offense." R. 196, Change of Plea Hr'g Tr., PageID 620. And his lawyer agreed that she was "satisfied that the defendant understands the charges" and "the elements of the offenses charged." *Id.* at PageID 621. What is more, Stiger acknowledged that he had read and understood the plea agreement, which clearly states that that he pleaded guilty to "conspiracy to possess with *intent* to distribute." R. 174, Plea Agreement, PageID 444 (emphasis added).

Although Stiger initially disputed the government's description of the essential elements, he later conferred with his counsel and unequivocally stated that he agreed. We are "rightly

4

skeptical of 'post hoc assertions from a defendant' about what he *really* thought but did not say at the time of a plea." *United States v. Mitchell*, 135 F.4th 507, 511 (6th Cir. 2025) (quoting *Lee v. United States*, 582 U.S. 357, 369 (2017)). In sum, Stiger acknowledged his understanding of the essential elements (both verbally and by signing the plea agreement). These representations "show that a defendant acted in a knowing and voluntary way," so we see no basis for reversal. *United States v. Ellis*, 115 F.4th 497, 502 (6th Cir. 2024).

We similarly conclude that the district court had an adequate factual basis for the plea. The district court is required only to "subjectively satisfy itself of an adequate factual basis," and it needs only "some evidence, not necessarily strong evidence, that the defendant committed the offense" to do so. *Short*, 128 F.4th at 826 (first quoting *United States v. Adams*, 961 F.2d 505, 511 (5th Cir. 1992) (per curiam); and then quoting *United States v. Mobley*, 618 F.3d 539, 547 (6th Cir. 2010)) (quotation marks and emphasis omitted). This is a "low bar." *Id.* And we may consider the entire record in our review. *Id.*

At the change-of-plea hearing, the government presented ample evidence establishing Stiger's participation in the conspiracy. Specifically, Santana-Monarrez, Stiger's co-conspirator, was arrested for possession of cocaine and fentanyl; Stiger remained in constant communication with Santana-Monarrez; Stiger frequently traveled from Arizona to Memphis to distribute drugs; and Santana-Monarrez texted Stiger the address where the drugs were ultimately seized. The Pre-Sentence Report also included additional details about the conspiracy. For example, a confidential informant reported that Stiger received a percentage of Santana-Monarrez's drug proceeds. Taken together, this evidence provided a sufficient factual basis for the district court to conclude that Stiger knowingly participated in the conspiracy. *See Short*, 128 F.4th at 826. Accordingly, the district court did not err when it accepted Stiger's plea.

**III.**

Stiger also attacks the district court's denial of his motion to withdraw and his 120-month sentence, but both of those arguments are waived.

We review de novo whether a defendant has waived his right to appeal. *United States v. Martin*, 526 F.3d 926, 932 (6th Cir. 2008). If a defendant enters a valid plea agreement, he waives his right to appeal non-jurisdictional matters, except to the extent permitted in the plea agreement. *United States v. Milliron*, 984 F.3d 1188, 1192–93 (6th Cir. 2021); *Martin*, 526 F.3d at 932. Here, Stiger's plea agreement does not preserve his right to appeal the denial of the motion to withdraw his guilty plea, so that argument is waived. *See Ellis*, 115 F.4th at 500 ("[W]e have repeatedly held that an appeal waiver barred the appeal of a denial of a motion to withdraw a guilty plea.").

Stiger's challenge to his sentence is also waived because the plea agreement preserved his right to appeal only if the sentence exceeded the statutory maximum or the Guidelines range. But once Stiger breached the agreement, the government was free to advocate for a sentence greater than the agreed-upon 60 months in prison. *See* R. 174, Plea Agreement, PageID 446. Because the district court ultimately imposed a within-Guidelines sentence of 120 months in prison, Stiger's "waiver provision is binding and forecloses appellate review." *Milliron*, 984 F.3d at 1193.

**IV.**

For the foregoing reasons, we **AFFIRM** the district court's judgment.